**Elizabeth KIRBY, Individually and as Personal Representative for the Estate of Damion Ashley Heard, deceased, for the benefit of Damion Harley Heard, Plaintiff—Appellant,**

and

**Penny Bradford; Damion Harley Heard, Plaintiffs,**

v.

**NATIONAL CRANE CORPORATION, a Grove Worldwide Company, Defendant—Appellee,**

and

**Hertz Equipment Rental, Corporation, Defendant.**

No. 06–2104.

United States Court of Appeals, Fourth Circuit.

Submitted: Oct. 18, 2007.

Decided: Oct. 22, 2007.

M. Shane Lucado, Birmingham, Alabama, Anthony S.H. Catone, Pope & Bowens, Blythewood, South Carolina, for Appellant. Timothy Lee Orr, Robert W. Foster, Jr., Nelson, Mullins, Riley & Scarborough, LLP, Columbia, South Carolina, for Appellee.

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth Kirby, individually and as personal representative for the Estate of Damion Ashley Heard, deceased, for the benefit of Damion Harley Heard, appeals the district court's judgment entered pursuant to the jury's verdict in favor of Defendant National Crane Corporation ("National Crane") on Kirby's civil action. Upon Heard's untimely death as a result of being struck by a crane manufactured by National Crane, Kirby brought suit, asserting strict products liability and negligence claims. After losing at trial, Kirby moved for a new trial. The district court denied Kirby's motion, and that denial forms another basis for Kirby's appeal.

We have reviewed the record and find no reversible error. Kirby's arguments on appeal stem from her contention that the district court improperly permitted National Crane's expert toxicologist to present undisclosed expert testimony regarding the source of methamphetamine discovered in Heard's bloodstream. The challenged testimony, however, had no bearing on the jury's findings that there was no defect in National Crane's manufacture of the crane and that National Crane had not been negligent. Accordingly, we affirm the district court's judgment. We also affirm the denial of Kirby's motion for a new trial for the reasons stated by the district court. *Kirby v. National*

*Crane Corp.*, No. 1:04–cv–21943–MBS (D.S.C., Dec. 14, 2005 & Sept. 12, 2006). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*